UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA

DAVID MICHAEL JONES,                  )
                                      )
                                      )
              Plaintiff,              )
    vs.                               )     No: 1:06-cv-162-SEB-VSS
                                      )
SHERIFF TERRY REDWINE,                )
                                      )
                                      )
              Defendant.              )

**Entry Concerning Selected Matters**

The court, having considered the above action and the matters which are pending, makes the following rulings:

1.   The plaintiff's request to proceed *in forma pauperis* is **granted.** The assessment of even a partial initial filing fee is not feasible at this time.

2.   The plaintiff's motion for emergency injunction and restraining order is **denied.** The reasons for this ruling are the following: a) the court has not acquired *in personam* jurisdiction over the defendant in this action and at this point could not order the relief sought by the plaintiff; b) the habeas action to which the plaintiff alludes is pending in this District as No. 1:06-cv-0069-LJM-VSS, and the plaintiff can seek appropriate relief in conjunction with the development of that action; c) although prisoners have a constitutional right to meaningful access to the courts, with which the state may not interfere, the Supreme Court has held that a state has no affirmative duty to "enable the prisoner to discover grievances, and to litigate effectively once in court," *Lewis v. Casey,* 518 U.S. 343, 354 (1996); and d) the plaintiff's motion does not identify the sort of specific detriment in terms of access to the courts which has been found required even where that right has been found to exist. *Id.; Martin v. Davies,* 917 F.2d 336, 340 (7th Cir. 1990) (giving as examples of prejudice "court dates missed" and "inability to make timely filings"); *see also Ortloff v. United States,* 335 F.3d 652, 656 (7th Cir. 2003) (same).

3. The motion for emergency injunction and restraining order is not a complaint. According to Rule 3 of the *Federal Rules of Civil Procedure*, a civil action complaint is commenced upon the filing of a complaint with the court. The plaintiff shall have **through March 28, 2006,** in which to **file a complaint**. In doing so, he shall *use the cause number of this case* and shall be guided by the following: (a) the complaint shall comply with the requirement of Rule 8(a)(2) of the *Federal Rules of Civil Procedure* that pleadings contain "a short and plain statement of the claim showing that the pleader is entitled to relief. . . ."; (b) the complaint shall comply with the requirement of Rule 10 that the allegations in a complaint be made in numbered paragraphs, each of which should recite, as far as practicable, only a single set of circumstances; (c) the complaint must identify what legal injury he claims to have suffered and what persons are responsible for each such legal injury; and (d) the complaint shall contain a clear statement of the relief which is sought.

**IT IS SO ORDERED.**

Date:  02/28/2006

SARAH EVANS BARKER, JUDGE
United States District Court
Southern District of Indiana

Copies to:

David Michael Jones
Madison County Jail
720 Central Avenue
Anderson, IN 46016